EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FELI-CIANO COLÓN GARCÍA, acusado y apelante.

*Número:* 17453     *Resuelto:* 10 de octubre de 1963

*Francisco Colón Gordiany,* y *María Valentín Collazo,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El apelante fue acusado de una infracción al Art. 260 del Código Penal de Puerto Rico porque "allá para el día 29 de septiembre de 1959 y en Santurce, P.R. que forma parte del Tribunal Superior de Puerto Rico, Sala de San Juan, ilegal, voluntaria y maliciosamente cometió un acto impúdico y lascivo, que allí y entonces únicamente constituía una Inf. al

Art. 260 del Código Penal y ningún otro delito, con la niña menor de ocho años nombrada M.C.A., con la intención de despertar, incitar y satisfacer la impudicia, pasiones y deseos sexuales del propio acusado y de dicha niña . . ."

El acusado fue declarado culpable por un jurado y condenado a cumplir una sentencia indeterminada de 1 a 10 años de presidio con trabajos forzados. No estando conforme con la declaración de culpabilidad, apela y señala los siguientes errores:

1. El veredicto se obtuvo "por indebida presión moral e insólita coacción psicológica sobre el jurado" ejercida por el Juez que presidía el proceso.

2. Porque el Juez que presidía el proceso le permitió al Fiscal de la Sala de San Juan someter instrucciones adicionales después del caso estar sometido al jurado, haber deliberado el jurado por un largo tiempo y haberle informado a la Sala que no podía llegar a un acuerdo.

3. Por ser el veredicto contrario a la Ley, y a los hechos, ya que la prueba era contradictoria.

1—En cuanto al primer error, la transcripción de la evidencia demuestra lo siguiente:

"(A las 5:50 P.M. suena el timbre del salón de deliberaciones)
HON. JUEZ:
Está presente el acusado, su abogado y el Señor Fiscal. Márshal . . .
EL MÁRSHAL:
Señor Juez, ha sonado el timbre del salón donde se encuentran deliberando los señores del jurado.
HON. JUEZ:
Vaya, traiga el jurado.
(Baja el jurado)
HON. JUEZ:
Se admite que el jurado es el mismo y está completo?
LAS PARTES:
Sí, señor Juez.

HON. JUEZ:

Sr. Presidente del Jurado, anunciaron ustedes al Tribunal su deseo de comparecer a Sala y en consonancia con ello dí instrucciones al Márshal para que los trajera a Sala. ¿Señor Presidente, han llegado ustedes a un veredicto?

SEÑOR PRESIDENTE:

No, Señor Juez. No hemos podido ponernos de acuerdo, ni creo que haya posibilidad de ponernos de acuerdo. La opinión está dividida.

HON. JUEZ:

¿Cree el Sr. Presidente que es cuestión de instrucciones adicionales o de un repaso a las instrucciones ya dadas?

SR. PRESIDENTE:

Creo que es cuestión de criterio de cada uno de los miembros del jurado, que tiene ya su criterio formado sobre el asunto. Hemos hecho cuatro o cinco balotajes, siempre con el mismo resultado.

HON. JUEZ:

Si es cuestión de alguna duda sobre la prueba, que entendieran las damas y los caballeros del jurado que leyéndoseles cualquier testimonio o parte [sic] de testimonio de los testigos, si creen que eso pudiera darles luz para llegar a un acuerdo, el Tribunal lo hará con muchísimo gusto. ¿No es esa la situación?

SEÑOR PRESIDENTE:

No es ésa la situación, Señor Juez, porque ninguno de los señores o damas del jurado han hecho esa manifestación.

HON. JUEZ:

Entonces debemos entender nosotros que de las instrucciones dadas no hay duda alguna, que no tienen duda del testimonio o parte del testimonio de cualquiera de los testigos y que con la lectura de ese testimonio pudiera refrescarse la mente de alguno de los señores del jurado?

SR. PRESIDENTE:

No, señor.

HON. JUEZ:

Sin embargo, es un caso de una prueba sencillamente corta. Dos testigos del Pueblo de Puerto Rico, tres o cuatro testigos de la defensa, prueba que desfiló durante todo el día de hoy. ¿No

cree el Señor Presidente que haciendo un esfuerzo adicional. pudieran ponerse de acuerdo en un sentido o en otro?

SEÑOR PRESIDENTE:

Pudiera ser; pero hasta este momento mi opinión es que difícilmente sería; es muy difícil que pudiera ser; pero también pudiera ser que hubiera una reacción distinta . . .

HON. JUEZ:

Señor Alguacil, tenga la bondad de pasar el Jurado a mi oficina y estar con ellos, que se mantengan juntos hasta que yo vuelva a llamarlos. No se pueden separar y les hago las mismas advertencias que les he venido haciendo durante el proceso.

(El Jurado pasa con el Sr. Alguacil al despacho del Hon. Juez)"

.        .        .        .        .        .        .        .

"(Vuelve el jurado a Sala)

HON. JUEZ:

¿Las partes admiten que el jurado es el mismo y está completo?

LAS PARTES:

Sí, señor Juez.

HON. JUEZ:

Señor Presidente, yo voy a formular una pregunta, que la oigan bien y la entiendan bien, porque no quiero que me contesten cómo es que está el jurado dividido. Yo no quiero saber quiénes puedan estar en favor de una cosa y quiénes puedan estar a favor de otra, porque eso no lo permite la Ley. Sencillamente quiero que me digan numéricamente, sin decir cuántos a favor ni cuántos en contra, cómo está el jurado.

SEÑOR PRESIDENTE DEL JURADO:

Seis a seis, Señor Juez.

HON. JUEZ:

Pregunto otra vez a los señores del jurado, ¿hay alguna posibilidad de que con instrucciones adicionales alrededor de este delito que se imputa al acusado, o con un repaso de las ya dadas, que se varíe el estado actual del jurado y que pudiera haber un veredicto en uno u otro sentido?

SR. PRESIDENTE:

Bueno, pudiera, verdad, que quizás recibiendo nuevas instrucciones algún jurado cambie de opinión. Allí no se expuso ese

motivo por parte de ninguno de los miembros. Yo no podría dar eso en contestación, porque allí ninguno de los miembros de este jurado pidió que se le diera nuevas instrucciones o que tenía duda en relación con la prueba.

> (Durante este incidente compareció a Sala el Hon. Fiscal Zoilo Dueño. Durante todo el proceso anterior a este incidente actuó sólo en representación del Ministerio Público, el Hon. Fiscal Mangual. Donde quiera que anteriormente se dice 'Hon. Fiscal'. Entiéndase Hon. Fiscal Mangual. Ahora interviene el Hon. Fiscal Dueño.)

HON. FISCAL DUEÑO:

Vamos a solicitar permiso para formular por escrito unas instrucciones adicionales.

HON. JUEZ:

Hágalas por escrito y el Tribunal las considerará.

LCDO. COLÓN GORDIANY:

Señor Juez, la defensa quiere hacer constar que no tiene ninguna recomendación adicional.

HON. JUEZ:

Está bien.

Señores del jurado, voy a leerles otra vez del artículo 260 del código penal de Puerto Rico.

> 'Toda persona que maliciosamente cometiere cualquier acto impúdico o lascivo, fuera de los que constituyeren otros delitos previstos en el Código Penal, con un niño menor de 14 años de edad, o con el cuerpo de dicho niño o cualquiera parte o miembro del mismo, con la intención de despertar, incitar o satisfacer la impudicia, pasiones o deseos sexuales de dicha persona o de dicho niño, será culpable de delito grave, "felony".'

Cualquier acto impúdico o lascivo, fuera desde luego, como instruí primero, de los que constituyeren otros delitos previstos en el Código Penal, como el de Violación que definí y el de Tentativa para Cometer Violación, que también les definí.

Ahora, leído nuevamente el artículo de ley supuestamente infringido, entiende el Sr. Presidente que la situación sería la misma que ha anunciado?

SR. PRESIDENTE:

Bueno, pudiera ser que alguno de los miembros cambiase de opinión.

HON. JUEZ:

Voy a enviarlos nuevamente al recinto de deliberaciones para que hagan un esfuerzo más, Señoras y Señores del Jurado, sin que esto quiera decir que los estoy coaccionando. No es ése el propósito para que rindan un veredicto; así es que son ustedes los únicos jueces de hecho, según instruí anteriormente y los únicos que pueden resolver el caso. Pero creo que pueden hacer un esfuerzo más adicional con miras a ponerse de acuerdo.

Bajo el mismo juramento del Márshal.

Receso.

(El jurado pasa a deliberar nuevamente a las 6:15 P.M.)

.     .     .     .     .     .     .     .

(15 minutos más tarde, a las 6:30 P.M. suena el timbre del cuarto de deliberaciones del jurado)

HON. JUEZ:

Hágase constar que está presente el acusado, su abogado y los señores Fiscales.

¿Márshal, tiene alguna información para el Tribunal?

MÁRSHAL:

Señor Juez, ha sonado el timbre del salón de deliberaciones de los señores del Jurado e indican que desean venir a Sala.

HON. JUEZ:

Tráigalos a Sala.

¿Se admite que el jurado es el mismo y está completo?

LAS PARTES:

Sí, Vuestro Honor.

HON. JUEZ:

¿Señor Presidente del Jurado, han llegado ustedes a un acuerdo?

SEÑOR PRESIDENTE:

Sí, Señor Juez.

HON. JUEZ:

Tenga la bondad de entregárselo al Márshal.

Señor Presidente: ¿Fue este veredicto rendido con una proporción de 9 a 3, eso es así, según consta del propio pliego?

SEÑOR PRESIDENTE:

Sí, Señor Juez.

HON. JUEZ:

La Secretaria se servirá darle lectura al veredicto. Póngase de pie el acusado.

SRA. SECRETARIA: 'El Pueblo de P. Rico, etc . . .

'Nosotros, los "Señores del Jurado", declaramos al acusado Feliciano Colón García CULPABLE de Infracción al Artículo 260 del Código Penal de Puerto Rico.'

San Juan, Puerto Rico, a 4 de abril, 1960.

Laurentino Estrella, Presidente.

HON. JUEZ:

El Tribunal admite el veredicto rendido por el Jurado por estar el mismo de acuerdo a derecho y ser formal y en su consecuencia declara al acusado, Feliciano Colón García, culpable y convicto de Infracción al Artículo 260 del Código Penal de Puerto Rico."

■ La situación que plantea este error. ha sido objeto de un elaborado y premioso estudio por algunos de los Jueces de este Tribunal: *Pueblo* v. *Rivera*, 77 D.P.R. 664 (Pérez Pimentel) (1954), cita precisa a las págs. 666–668; *Pueblo* v. *Martínez*, 79 D.P.R. 586 (Opinión disidente de Belaval y Negrón Fernández) (1957), cita precisa a las págs. 593–595; *Pueblo* v. *Matos*, 81 D.P.R. 508 (Pérez Pimentel) (1959), cita precisa a las págs. 516–517. Se puede reiterar el principio que el comentario del Juez que se trata de un caso sencillo en el cual no debe ser difícil ponerse de acuerdo, no constituye indebida presión moral o dañosa coacción psicológica sobre el Jurado. Hemos examinado la forma en que se comportó el Juez durante el incidente y no creemos que se pueda concluir de sus palabras ni de su conducta judicial que el magistrado pretendiera intervenir en el proceso mental (*mixed thoughts*) del Jurado.

■ 2—En cuanto al segundo error, al plantearse ante la ilustrada Sala sentenciadora, quedó claramente dilucidada la cuestión:

"Lcdo. Colón:

Señor Juez, para los efectos del récord queremos hacer constar con todo respeto que tomamos excepción que a estas alturas se le haya permitido a los fiscales instrucciones adicionales o nuevas instrucciones a los señores del jurado por la Corte a instancias de los propios fiscales, porque entendemos que esa conducta asumida por el Tribunal constituye una manifiesta y clara coacción al Jurado, cuando éstos declararon enfáticamente que estaban seis a seis, y se habían hecho tres o cuatro balotajes con el mismo resultado. Nos parece que eso es un poco anormal y queremos tomar excepción de esa situación.

Hon. Juez:

El Tribunal quiere hacer constar para el récord que tiene dos pliegos de instrucciones sometidas por los fiscales después de haber bajado el jurado en la ocasión de anunciar y decir que no podían ponerse de acuerdo y aparece de los pliegos denegadas ambas instrucciones por el Tribunal. De modo que el Tribunal no ha trasmitido instrucciones ningunas a instancias de los fiscales. Los dos pliegos están unidos a los autos y marcados: 'Denegadas'. La única instrucción trasmitida por el Tribunal a los jurados a instancias del propio Tribunal fue leerles nuevamente el artículo de ley que se señala como el artículo infringido."

Siendo esto así es indudable que el error no fue cometido: 5 Wharton's *Criminal Law and Procedure* 301 Sección 2116 y (Edición de la Lawyer's Cooperative 1957).

■ 3—El tercer error se refiere a la suficiencia de la prueba para dejar establecido el delito. No es difícil suponer en un caso como éste, que la tierna edad de la perjudicada y su incomprensión de ciertos detalles de la vida sexual, no satisfaga el juicio crítico del perito de la Ley. Lo que hay que buscar es aquella razonable certeza que no sea incompatible con un claro sentido de justicia. En cuanto a la prueba de la incapacidad total del acusado para realizar el acto sexual, a que se refiere el testimonio médico, el mismo no es un eximente absoluto ante "la incitación a la lascivia" que es la verdadera médula del delito.

*La sentencia de la Sala de San Juan del Tribunal Superior de Puerto Rico de 18 de abril de 1960 debe ser confirmada.*